FILED
CLERK OF COURT

2025 APR -2 AM 9:29

SUPERIOR COURT
OF GUAM

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0456-24** |
| | GPD Report No. 24-15393 |
| v. | |
| | **DECISION AND ORDER** |
| **KEVEN CARTER ENLET,** | **DENYING** |
| DOB: 05/07/2002 | **DEFENDANT'S MOTION TO SUPPRESS** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 31, 2025 for hearing on Keven Carter Enlet's ("Defendant's") Motion to Suppress ("Motion"). Assistant Attorney General Neil Bonavita represents the People, and Attorney Heather Quitugua represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

Defendant is charged with Aggravated Assault (as a 3rd Degree Felony) with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony, Family Violence (as a Misdemeanor), Reckless Conduct (as a Misdemeanor), and Attempted Unauthorized Use of a Motor Vehicle (as a Misdemeanor). See Indictment (Jul. 16, 2024).

The charges stem from an incident on July 2, 2024. Id. Guam Police Department ("GPD") Officer Riccalyn Lizama and Trainee Officer Jelvis Walter were dispatched to the area of Magsaysay Street, Dededo after GPD received reports of a physical disturbance. See Court Recording at 1:16:30pm, 1:56:45pm (Jan. 31, 2025). Upon their arrival, Officer Lizama and Trainee Officer Walter both observed Defendant mounted on top of another male and physically fighting. Id. at 1:17:30pm, 1:57:30pm. As the Officers arrived on scene, Defendant immediately got up and ran towards the other side of a nearby building. Id. at 1:17:30pm, 1:58:00pm.

Decision and Order Denying Defendant's Motion to Suppress
CF0456-24, *People of Guam v. Keven Carter Enlet*
Page 1 of 5

Trainee Officer Walter pursued Defendant while Officer Lizama began attending to the victim. Id. at 2:03:30pm. Defendant quickly surrendered himself and complied with Trainee Officer Walter's instructions to return. Id. at 2:03:45pm. Trainee Officer Walter immediately patted Defendant down for weapons and Officer Lizama reappeared to assist. Id. at 2:04:00pm.

At this time, Defendant may several incriminating statements to the Officers, including admissions that he had struck the victim with a pipe and that he had to repent for his sins. Id. at 1:19:45pm. After making these statements, Defendant was handcuffed and placed under arrest. Id. at 1:22:30pm. Immediately thereafter, Officer Lizama verbally advised Defendant of his *Miranda* rights and transferred Defendant to the GPD Dededo Precinct. Id. at 1:21:00pm – 1:22:30pm.

Officer Lizama placed Defendant in an interrogation room once the two arrived at the Dededo Precinct. Id. at 1:22:45pm. Before starting any questioning, Officer Lizama again advised Defendant of his *Miranda* rights, this time through the use of a Custodial Interrogation Form. Id. at 1:49:00pm. As Officer Lizama read Defendant his *Miranda* rights, Defendant appeared to understand each right and signed the Form indicating as such. Id. at 1:24:00pm. Officer Lizama then proceeded with the interrogation. Id. at 1:23:00pm. During the interrogation, Defendant made further incriminating statements, describing in detail how he attacked the victim and the motive behind his actions. Id. at 1:26:00pm. Also during the interrogation, Defendant appeared to be coming down from a drug-induced high. Id. at 1:34:00pm. Officer Lizama suspected this because Defendant made several odd facial movements, was grinding his teeth, and appeared calm and tired throughout the interrogation. Id. at 1:23:30pm, 1:34:00pm. However, Defendant was able to answer all of Officer Lizama's questions and spoke rationally throughout the interrogation. Id. at 1:48:30pm.

On December 2, 2024, Defendant filed his Motion to Suppress. Defendant seeks to suppress all statements he made to GPD, including those before his arrest and during his interrogation. See Brief in Support of Motion at 1 (Dec. 2, 2024). Defendant claims *Miranda* warnings (and waivers) were required to admit both series of statements. Id. at 3. Defendant claims he did not validly waive his *Miranda* rights in either instance because he was intoxicated at the time. Id. at 4.

On December 16, 2024, the People filed their Opposition to Defendant's Motion ("Opposition"). The People claim Defendant's statements prior to his arrest are admissible without

Decision and Order Denying Defendant's Motion to Suppress
CF0456-24, *People of Guam v. Keven Carter Enlet*
Page 2 of 5

a *Miranda* waiver because they were made outside a custodial interrogation. See Memorandum Supporting Opposition at 3 (Dec. 16, 2024). The People claim Defendant's statements during the interrogation are admissible because they follow a valid waiver of Defendant's *Miranda* rights. Id. at 3-4.

The Court held a hearing on January 31, 2025. After hearing the arguments of the parties, the Court took the matter under advisement.

**DISCUSSION**

### I. Preliminary Rules:

The Fifth Amendment provides for the right against self-incrimination in criminal cases. See U.S. Const. Amend. V. One's Fifth Amendment right applies both inside and "outside of criminal court proceedings and serves to protect persons in all settings in which their freedom of action is curtailed in any significant way from being compelled to incriminate themselves." See *Miranda v. Arizona*, 384 U.S. 436, 467 (1966).

In order to combat pressures to speak and potentially incriminate oneself during custodial interrogations, individuals "must be adequately and effectively apprised" of their right against self-incrimination. Id. at 467. This is done via the issuing of *Miranda* rights, where an individual is informed of their "right to remain silent", that "anything said can and will be used against the individual in court", of their "right to consult with a lawyer and to have the lawyer with him during interrogation", and "that if he is indigent a lawyer will be appointed to represent him." Id. at 467-473.

The first issue a court must address is whether a defendant's statements were made during a custodial interrogation, as *Miranda* waivers are required only in those situations. See *People v. Farata*, 2007 Guam 8 ¶ 22. An individual is in custody when he or she "is taken into custody or otherwise deprived of his freedom by the authorities in any significant way". See *Miranda v. Arizona* at 478. The test is "would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." See *Thompson v. Keohane*, 516 U.S. 99, 100 (1995). An individual is subject to interrogation when asked questions "that the police should know are reasonably likely to elicit an incriminating response from the suspect." See *Rhode Island v. Innis*, 446 U.S. 291, 292 (1980).

Decision and Order Denying Defendant's Motion to Suppress
CF0456-24, *People of Guam v. Keven Carter Enlet*
Page 3 of 5

If an individual is subject to a custodial interrogation without having been informed of and waiving their *Miranda* rights, any statements made during the interrogation are not admissible during trial. See *Stansbury v. California*, 511 U.S. 318, 322 (1994). Only "voluntary" *Miranda* waivers are valid, which requires a "requisite level of comprehension" and an "uncoerced choice". See *People v. Farata*, 2007 Guam 8 ¶ 46. The voluntary nature of a *Miranda* waiver is judged "from the totality of the circumstances, which includes the background, experience, and conduct of the defendant." Id. at ¶ 46.

## II. Application:

### a. Defendant's statements to GPD Officers before his arrest are admissible regardless of *Miranda* waivers because they were made outside a custodial interrogation.

The first series of statements Defendant challenges are those made to GPD at Magsaysay Street, Dededo prior to his arrest. See Brief in Support of Motion at 3 (Dec. 2, 2024).

However, no *Miranda* waiver is required to admit these statements because they are not the product of a custodial interrogation. In fact, these statements are not the product of any interrogation whatsoever. Defendant volunteered these statements to GPD Officers Lizama and Walter, quickly making them before either Officer asked him about the incident. See Court Recording at 1:19:30pm (Jan. 31, 2025). Therefore, Defendant's statements at Magsaysay Street, Dededo prior to his arrest are admissible even without a valid *Miranda* waiver.

### b. Defendant's statements to GPD Officer Lizama during his custodial interrogation are admissible because they follow a valid *Miranda* waiver.

The next series of statements Defendant challenges are those made to GPD Officer Lizama during his interrogation at the GPD Dededo Precinct. See Brief in Support of Motion at 3-4 (Dec. 2, 2024).

Here, Defendant was subject to a custodial interrogation. Defendant was in custody since he was arrested, handcuffed, and brought against his will to the Dededo Precinct. See Court Recording at 1:22:30pm (Jan. 31, 2025). A reasonable person would not feel they are free to leave such a situation. Defendant was subject to interrogation because Officer Lizama asked him questions about

Decision and Order Denying Defendant's Motion to Suppress
CF0456-24, *People of Guam v. Keven Carter Enlet*
Page **4** of 5

Defendant's alleged criminal conduct, which Officer Lizama should know are likely to elicit an incriminating response. Therefore, Defendant's statements during his interrogation must follow a valid waiver of his *Miranda* rights to be admissible.

Here, under the totality of the circumstances, Defendant voluntarily waived his *Miranda* rights. First, Defendant was administered his *Miranda* rights through the use of a Custodial Interrogation Form, which informed Defendant of each *Miranda* right he had. Id. at 1:49:00pm.

Second, Defendant waived these rights as indicated by his signature on the Custodial Interrogation Form. Id. at 1:24:00pm. No evidence has been put forward to suggest Defendant was coerced into making his waiver. Furthermore, Defendant had the requisite level of comprehension to understand his waiver and the effects thereof. Officer Lizama testified that Defendant appeared to understand each right and was even able to define specific words within the Form when asked to. Id. at 1:24:00pm, 1:49:20pm. Although Defendant appeared to be coming down from a drug-induced high, this did not appear to affect Defendant's mental acuity as Defendant was able to rationally answer all questions throughout the interview and give specific details when doing so. Id. at 1:25:30pm. Defendant's conduct in acknowledging each *Miranda* warning on the Custodial Interrogation Form, combined with his rational conduct and cognitive ability throughout the interrogation shows that under the totality of the circumstances, these waivers were made so voluntarily, knowingly, and intelligently.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. Defendant's statements made prior to his arrest at Magsaysay Street, Dededo are admissible because they do not require *Miranda* waivers. Defendant's statements made during his interrogation at the GPD Dededo Precinct are admissible because they follow a valid *Miranda* waiver.

**IT IS SO ORDERED** this ___April 2, 2025___

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

*AG, H. Quitugua*

Date: 4/2/25 Time: 9:33am

*Antonio C Cruz*
Deputy Clerk, Superior Court of Guam

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Suppress
CF0456-24, *People of Guam v. Keven Carter Enlet*
Page 5 of 5